## TRAVIS *v.* PARKS.

1. BILL BY ADMINISTRATOR—PARTIES—INTEREST.

A bill to set aside a conveyance, filed by an administrator on behalf of the estate, must be considered as attacking the deed for the benefit of all persons interested in the estate, even if not parties to the suit.

2. APPEAL—OPINION—QUESTION OF FACT.

In this case the question is largely one of fact, and a long opinion, reviewing and analyzing the testimony, is deemed unprofitable.

Appeal from Clinton; Stone, J. Submitted January 28, 1902. (Docket No. 84.) Decided March 18, 1902.

Bill by Charles Travis, administrator of the estate of Israel M. Bray, deceased, against Frank M. Parks and Edith M. Parks, to set aside a deed. From a decree for complainant, defendants appeal. Affirmed.

*Henry E. Walbridge* and *Lyon & Moinet,* for complainant.

*Spaulding, Norton & Dooling,* for defendants.

HOOKER, C. J.    This is a bill filed by an administrator for the cancellation of a deed given by his intestate to his daughter and her husband, and for an accounting.    The question is largely one of fact, and is not distinguishable from the ordinary case in its nature.    Our examination of the record has been critical, and has satisfied us of the justice of the conclusion reached by the learned circuit judge who heard the cause.    A long opinion would amount to no more than an unprofitable review and analysis of the testimony, which would be of no interest or value to the profession at large, and would be likely to add to the estrangement already existing between some members of the intestate's family.    In such cases there is usually an opportunity for differences of opinion upon the subject of mental competency, especially under the influence of self-interest.    That seems to be so in this instance.

It is urged that the decree must be modified, and that the relief granted should not extend to the interest of Mrs. Irrer, who is said to have contended for the validity of the deed to defendants.    The bill was filed by the administrator on behalf of the estate.    Mrs. Irrer is not a party. Even had she been made a party defendant, and had an opportunity, therefore, to appeal, there was no occasion for her to do so, if satisfied with the decree.    The administrator must be considered as attacking the conveyance for the benefit of all persons interested in the estate, under the circumstances of this case.

The decree is affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.